IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GREG BERNARDING and DANIELLE L. HARSHMAN, on behalf of the TRUSTEES OF THE IRON WORKERS WELFARE PLAN OF WESTERN PENNSYLVANIA, IRON WORKERS OF WESTERN PENNSYLVANIA PENSION PLAN AND THE IRON WORKERS OF WESTERN PENNSYLVANIA PROFIT SHARING PLAN, and as agents for THE IRONWORKER EMPLOYERS ASSOCIATION OF WESTERN PENNSYLVANIA, INC., THE INTERNATIONAL ASSOCIATION OF BRIDGE, STRUCTURAL AND ORNAMENTAL IRON WORKERS, LOCAL UNION NO. 3, AFL-CIO, <br><br>　　　　　　　　Plaintiffs, <br><br>　　v. <br><br>MIRACLE STEEL INCORPORATED and OMAR BARRON, <br><br>　　　　　　　　Defendants. | Civil Action No. 2:22-cv-1103-RJC |

## CONSENT JUDGMENT

With consent of the parties, judgment is hereby entered in the within action in favor of Plaintiffs, Greg Bernarding and Danielle L. Harshman, on behalf of the Trustees of the Iron Workers Welfare Plan of Western Pennsylvania, Iron Workers of Western Pennsylvania Pension Plan and the Iron Workers of Western Pennsylvania Profit Sharing Plan ("**Plans**") and against Defendants, Miracle Steel Incorporated and Omar Barro, as follows:

1.　Defendant, Miracle Steel Incorporated is signatory to and bound by the terms of its Collective Bargaining Agreement ("**Agreement**") with the International Association of Bridge, Structural and Ornamental Iron Workers, AFL-CIO and its affiliated Local Union No. 3 ("**Union**"). The Agreement is still in full force and effect.

2.　Omar Barron, on behalf of Miracle Steel Incorporated, confirms that he is authorized to enter into this Consent Judgment on behalf of Miracle Steel Incorporated and confirms that he is personally guaranteeing the amounts due herein.

3.  Defendants specifically consent to the Court's jurisdiction, as well as the use of a Magistrate Judge for all proceedings, including entry of judgment herein. Defendants further confirm that all successors in interest, assignees, and affiliated entities (including, but not limited to, parent or other controlling companies), and any companies with which Miracle Steel Incorporated joins or merges, if any, shall also be bound by the terms of this Consent Judgment as Guarantors. This shall include any additional entities in which Miracle Steel Incorporated is an owner or possesses any controlling ownership interest. All such entities shall specifically consent to the Court's jurisdiction, the use of a Magistrate Judge for all proceedings, and all other terms herein, in writing, at the time of any assignment, affiliation or purchase.

4.  Miracle Steel Incorporated is currently indebted to the Plans as follows:

| Principal | $230,202.07 |
|---|---|
| Interest through 10/15/2022 | $13,056.60 |
| Liquidated Damages | $65,053.43 |
| Actual Attorneys' Fees | $7,628.50 |
| Costs | $492.00 |
| **TOTAL** | **$316,432.60** |

## REQUIREMENTS UNDER THE TERMS OF THIS CONSENT JUDGMENT

5.  Notice requirements pursuant to the terms of this Consent Judgment are as follows:

### Notices to Defendants

Mr. Omar Barron
President and CEO
Miracle Steel, Inc.
5006 Lenker Street - Upper Level
Mechanicsburg, PA 17050
Email: obarron@miraclesteelinc.com

### Notices to Plaintiffs

Neil J. Gregorio, Esquire
Jill D. Helbling, Esquire
Tucker Arensberg, P.C.
1500 Ong PPG Place
Pittsburgh, PA 15222
Emails: ngregorio@tuckerlaw.com; jhelbling@tuckerlaw.com

6. The requirements pursuant to the terms of this Consent Judgment are as follows:

   a. **Payments**: Miracle Steel Incorporated and Omar Barron shall pay the amount of $251,379.17, representing all of the above amounts, less liquidated damages in the amount of $65,053.43. Payments will be made on this judgment as follows:

   | Payment No. | Due Date | Payment Amount |
   |---|---|---|
   | 1 | 10/30/2022 | $41,896.53 |
   | 2 | 11/30/2022 | $41,896.53 |
   | 3 | 12/30/2022 | $41,896.53 |
   | 4 | 1/30/2023 | $41,896.53 |
   | 5 | 2/28/2023 | $41,896.53 |
   | 6 | 3/30/2023 | $41,896.53 |
   | | TOTAL | $251,379.18 |

   b. **Contributions**: Beginning with the month of September 2022, and for every month thereafter while Miracle Steel Incorporated is signatory to a collective bargaining agreement with the Union, Miracle Steel Incorporated and Omar Barron agree to submit all monthly remittance reports and payments in a timely fashion that are due on the 15th day of each month. Miracle Steel Incorporated and Omar Barron's failure to stay current on monthly reports and payments shall place Miracle Steel Incorporated and Omar Barron in default following twenty (20) days written notice and opportunity to cure.

   c. **Audit**: Should the Plans request an audit of Miracle Steel Incorporated's payroll records pursuant to the requirements of the Agreement and/or the incorporated Trust Agreements, Omar Barron or another representative of Miracle Steel Incorporated must contact the auditor within seven (7) days of receiving notice, and must schedule the audit as requested within fifteen (15) days of that date.

3

In the event that amounts are found due from the audit, the Plans shall send a copy of the audit report, and written demand to Defendants for payment within twenty (20) days. In the event that the audit is not contested, payment in full shall be delivered to Iron Workers of Western Pennsylvania Benefit Plans Office c/o Jessica Schneider at the address provided in Paragraph 7 below.

In the event that Miracle Steel Incorporated and Omar Barron dispute the total found due, the dispute must be submitted to the Plans in writing, with all supporting documentation within ten (10) days of the date of the demand. Miracle Steel Incorporated and Omar Barron shall be notified as to whether revisions will be made to the audit. If revisions are not made, payment will be immediately due. If revisions are made, payment in the full revised amount shall be due immediately.

If Miracle Steel Incorporated and Omar Barron are unable to make payment in full, a request may be submitted to add the amounts found due to this Judgment Note. If the Judgment Note is so revised, the Miracle Steel Incorporated and Omar Barron shall execute the Amended Judgment Note or Amendment to Judgment Note within ten (10) days of receipt. Failure to execute the revised agreement shall constitute a default of the terms herein.

Failure by Miracle Steel Incorporated and Omar Barron to submit either payment in full or a request to add the amounts due to this Judgment Note within ten (10) days of receipt shall constitute a default of the obligations under this agreement. All amounts found due on the audit shall immediately become part of this Judgment Note.

4

7.    Plaintiffs may require that Defendants pay electronically by wire transfer, or by cashier's check. Defendants shall have the right to increase the monthly payments at any time, and there is no penalty for prepayment.

8.    Defendants shall mail the payments to:

> Jessica Schneider
> Administrative Manager
> Iron Workers of Western
>   Pennsylvania Benefit Plans
> 2201 Liberty Avenue
> Pittsburgh, PA 15222

9.    In the alternative, wire instructions can be given. Checks should be made payable to " "Iron Workers of Western PA Benefit Plans."

10.    Failure to comply with any of the above terms, including submitting a payment that does not clear the bank, shall constitute a default of the obligations under this Consent Judgment.

## DEFAULTS UNDER THIS CONSENT JUDGMENT

11.    If default occurs, Plaintiffs shall make a written demand to Defendants, to cure said default ***within ten days of the date of the notice from Plaintiffs***. In the event default is not cured within the required time frame, all amounts remaining due hereunder (after application of principal payments made, if any) shall be due and payable on demand by Plaintiffs. These amounts shall include, but not be limited to, any conditionally waived liquidated damages, additional interest, liquidated damages and additional attorney's fees and costs incurred herein.

## MISCELLANEOUS PROVISIONS

12.    The above requirements remain in full force and effect regardless of whether or not Miracle Steel Incorporated has ongoing work, or whether Miracle Steel Incorporated is signatory to a Collective Bargaining Agreement with the Union.

## JUDGMENT PURSUANT TO CONSENT JUDGMENT

13. Interest continues to accrue at the rate of 1¼% per month on all unpaid principal until all payments due under this Consent Judgment are paid. Prior to the last payment pursuant to this Consent Judgment, Plaintiffs shall advise Defendants as to the final amount due, including interest, any current contributions and related amounts known to be due to Plaintiffs and all additional attorneys' fees and costs incurred by Plaintiffs, whether or not Miracle Steel Incorporated defaults herein. Any additional amounts due shall be paid in full.

14. Only after all amounts due under the terms of this Consent Judgment are paid in full, and Miracle Steel Incorporated's account is otherwise current, will the conditional waiver of liquidated damages be presented to Plaintiffs' Board of Trustees for approval. If Miracle Steel Incorporated has fully complied with the terms of this Consent Judgment without default(s), the waiver shall be granted. If the waiver is granted, a Satisfaction of Judgment will be filed with the Court once all payments have cleared the bank. If the waiver is not granted, the liquidated damages will be immediately due.

15. Miracle Steel Incorporated expressly waives all rights to stay of execution and appeal.

16. Any failure on the part of Plaintiffs to take any action as provided herein in the event of any breach of the provisions of this Consent Judgment shall not be deemed a waiver of any subsequent breach.

17. The parties agree that any payments made pursuant to the terms of this Judgment shall be deemed to have been made in the ordinary course of business as provided under 11 U.S.C. Section 547(c)(2) and shall not be claimed by Miracle Steel Incorporated as a preference under 11 U.S.C. Section 547 or otherwise.

18. Should any provisions of this Consent Judgment be declared or determined by any court of competent jurisdiction to be illegal, invalid, or unenforceable, the legality, validity, and enforceability of the remaining parts, terms or provisions shall not be affected thereby and

said illegal, unenforceable or invalid part, term, or provisions shall be deemed not to be part of this Consent Judgment.

19. This Consent Judgment is limited to Miracle Steel Incorporated and Omar Barron with respect to delinquency owed by Miracle Steel Incorporated and Omar Barron to the Plans.

20. This Consent Judgment contains all of the terms agreed to by Plaintiffs and Defendants and no other agreements between them have been made. Any changes to this Consent Judgment shall be effective only if made in writing and signed by Plaintiffs and Defendants.

21. This Consent Judgment may be executed in any number of counterparts and by facsimile, each of which shall be deemed an original and all of which shall constitute the same instrument.

22. Miracle Steel Incorporated and Omar Barron represent and warrant that they have had the opportunity to be or have been represented by counsel of their own choosing in connection with entering this Consent Judgment under the terms and conditions set forth herein, that they have read this Consent Judgment with care and are fully aware of and represent that they enter into this Consent Judgment voluntarily and without duress.

23. The parties agree that the Court shall retain jurisdiction of this matter until this Judgment is satisfied.

_____
The Honorable Robert J. Colville
United States District Court Judge

**CONSENTED TO BY:**

MIRACLE STEEL INCORPORATED

By: _____
Name: Omar Barron
Title: President and CEO

TUCKER ARENSBERG, P.C.

/s/ Neil J. Gregorio
Neil J. Gregorio, Esquire
PA I.D. #90859
ngregorio@tuckerlaw.com

7

_____
Omar Barron, individually

TADMS:11228963-1 002845-173358

Jill D. Helbling, Esquire
PA I.D. #85959
jhelbling@tuckerlaw.com

1500 One PPG Place
Pittsburgh, PA 15222
Phone 412-566-1212
Fax 412-594-5619
Attorneys for Plaintiffs